Argued and submitted March 23, affirmed July 29, 1987

GUNN,
*Appellant,*

*v.*

McKNIGHT,
*Respondent.*

(84-0989C; CA A38722)

McKNIGHT,
*Respondent,*

*v.*

GUNN,
*Appellant.*

(84-0261C; CA A38722)

739 P2d 1089

Ferris F. Boothe, Portland, argued the cause and filed the briefs for appellant.

Paul H. Gunderson, Beaverton, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Joseph, Chief Judge, and Warren, Judge.

WARREN, J.

## WARREN, J.

Defendant[1] seeks reversal of the trial court's judgment specifically enforcing plaintiff's right to exercise an option to purchase real property under a lease option agreement and awarding plaintiff $18,000 as a credit toward the down payment in the purchase transaction. Our review is *de novo.*

Defendant is the owner of the real property located in Sherwood. In 1980, he entered into a 3-year lease option agreement with Betts and Ratkai. The lessees agreed to pay $1,500 monthly, with $500 of each payment credited toward the down payment, if the purchase option were exercised. In December, 1982, Betts and Ratkai assigned their interest in the lease option to plaintiff. The assignment agreement, approved by defendant, recited that the lease payments were current at the time of the assignment.

In August, 1983, plaintiff initiated negotiations with defendant to extend the option or to execute a new lease. The parties met on August 12, 1983, and during that meeting defendant orally agreed to extend the existing contract until the parties reached a new agreement. Plaintiff continued to make monthly payments of $1,500, and defendant accepted them.

On December 19, 1983, when the December lease payment was not yet overdue, defendant notified plaintiff that he was terminating the month-to-month tenancy for nonpayment of rent. Concurrently, he proposed a new lease option agreement with the purchase price raised by $20,000. Plaintiff then demanded the right to exercise her purchase option under the original agreement and filed this action for a declaration of her rights and specific performance. We agree with the trial court's conclusion that defendant orally extended the original lease option at the meeting on August 12, 1983.

■ There was evidence that plaintiff paid in excess of $100,000 for the assignment of the original lease option and

---

[1] Gunn brought an FED action against the lessee, McKnight, in district court. McKnight brought an action for declaratory judgment in circuit court, and the actions were consolidated. Because we affirm on the declaratory judgment for McKnight, we shall refer to her as plaintiff and to Gunn as defendant.

that she considered the contract as an investment. We consider, as did the trial court, plaintiff's motives in seeking the extension in deciding whose version of the August 12 conference was more likely true. Gunn testified that the extension was not discussed. McKnight testified that it was discussed and was the paramount reason for the meeting. The trial judge believed that Gunn stated at the end of the meeting, "It's extended," and meant by that to extend both the lease and the option, and we find no basis in the record to second guess his assessment of credibility.

■ Finally, defendant assigns as error the award of $18,000 of the past lease payments as a credit toward the down payment on the purchase of the property. That represents a monthly $500 credit from September 1, 1980, through August, 1983. Defendant argues that plaintiff is not entitled to the credit for three months when a fire damaged the premises and lease payments were not made by Betts and Ratkai. There was evidence that Betts and Ratkai made repairs in lieu of rent. In any event, the assignment of the lease expressly states that obligations were current between the lessor and lessees as of the time of the assignment. Defendant acquiesced in that representation to plaintiff and is bound by it. The credit computation was therefore correct.

Affirmed.[2]

---

[2] Defendant's other assignments of error require no discussion.